UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RYAN ADAM DIXON,

      Plaintiff,

v.                                Case No: 5:23-cv-526-MMH-PRL

MARSHALL FERGUSON and KING
COUNTY SUPERIOR,

      Defendants.

_____

REPORT AND RECOMMENDATION[1]

    This action arises from the termination of the parental rights of *pro se* Plaintiff, Ryan Adam Dixon, in a proceeding in the King County Superior Court in King County, Washington. Plaintiff filed this complaint asserting claims under several statutory provisions including 42 U.S.C. § 1983 against Judge Marshall Ferguson and the King County Superior Court. (Doc. 1). Plaintiff moves the Court to proceed in forma pauperis. (Doc. 4). Because it appears that the Court lacks jurisdiction over this action, and that the defendants are immune from Plaintiff's claims, I submit that the Court should deny Plaintiff's motion and dismiss this action.

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

## I.   LEGAL STANDARDS

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it "is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or … seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

"A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1984) (internal citations omitted). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979)). In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading is insufficient if it offers

mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. Am. Tobacco Co.,* 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Subject-matter jurisdiction, therefore, is a threshold inquiry that a court is required to consider before addressing the merits of any claim, and may do so *sua sponte* (that is, on its own). *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (raising federal jurisdiction issue *sua sponte*); *cf. Fitzgerald v. Seaboard Sys. R.R.*, 760 F.2d 1249, 1251 (11th Cir. 1985) ("A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises."). If a court "determines at any time that it lacks subject-matter jurisdiction, [it] . . . must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II.   DISCUSSION

Here, the 79-page complaint purports to assert claims under the Fourteenth Amendment and 42 U.S.C. §§ 1981, 1983, and 1988. (Doc. 1 at 2–3). These claims are asserted together, with the same facts apparently underlying each claim. Mr. Dixon alleges that Judge Ferguson and the King County Superior Court violated his rights and the Washington Rules of Civil Procedure (RCW) by holding "termination of parental rights proceedings without personal jurisdiction" or subject-matter jurisdiction and with defective service of process. *Id.* According to Plaintiff, the King County Superior Court and Judge

Ferguson failed to address his challenges to jurisdiction when they were raised, and only addressed them after moving the case forward to its conclusion. *Id.* After Mr. Dixon's parental rights were terminated, he appealed, making the same arguments that are included in the instant complaint. On appeal, Judge Ferguson's orders were affirmed by the Washington Court of Appeals. *In Re The Parentage of Nld.,* No. 82528-3-I (1st Div. Feb. 7, 2022).[2]

Although unmentioned in Plaintiff's complaint, he appealed the court orders to the Washington Supreme Court, who denied his petition for review on June 7, 2022. *In the Matter of the Adoption of N.L.D., Dixon v. Goguen,* No. 100721-3 (Wash. June 7, 2022), https://www.courts.wa.gov/appellate_trial_courts/supreme/2022/pr220607.pdf. Likewise, Plaintiff fails to mention his unsuccessful appeal to the Ninth Circuit, who denied him a writ of mandamus. *In re Ryan Adam Dixon*, No. 22-70147 (9th Cir. Aug. 19, 2022) (concluding that Mr. Dixon failed to "demonstrate[] that this case warrants the intervention of this court by means of the extraordinary remedy of mandamus" and that "[n]o further filings will be entertained in this closed case"). Notably, in each of these appeals, Mr. Dixon raised the same grounds as in the instant complaint—lack of subject-matter jurisdiction, personal jurisdiction, and incomplete service of process.

## A. Abstention Doctrines

Plaintiff claims that his constitutional and statutory rights were violated in state court proceedings terminating his parental rights. When state court proceedings are at issue, subject-matter jurisdiction is implicated under the abstention doctrines of *Rooker-Feldman* and

---

[2] There, the Court explicitly rejected Mr. Dixon's challenges to service, personal jurisdiction, and subject-matter jurisdiction, and noted that Judge Ferguson had properly addressed each despite Mr. Dixon's failure to comply with Court rules.

*Younger*.[3] *See Fox v. Fla. Dep't of Child. & Fams.*, 828 F. App'x 639, 640 (11th Cir. 2020) ("We've applied *Rooker-Feldman* principles to child custody proceedings on multiple occasions and have concluded that, under *Rooker-Feldman*, we may not interfere with final judgments rendered by state courts") (collecting cases) (citations omitted); *see also Thomas v. Disanto*, 762 F. App'x 770, 773 (11th Cir. 2019) (same); *see also Locke v. 18th Jud. Cir. of Fla.*, No. 6:21-CV-598-RBD-DCI, 2021 WL 2905463, at *2 (M.D. Fla. May 10, 2021) (holding *Younger* prevented court from intervening in state court divorce and custody proceedings).

Under *Younger* and its progeny, district courts must "refrain from enjoining pending state court proceedings except under special circumstances." *Old Republic Union Ins. v. Tillis Trucking Co.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (explaining *Younger* abstention applies to injunctions and declaratory judgments that would effectively enjoin state proceedings).[4] If a final judgment is entered in the state court before this matter is resolved, the Court must dismiss Plaintiff's complaint for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 (11th Cir. 2001) (noting *Rooker-Feldman* doctrine "limits . . . the subject matter jurisdiction of federal district courts . . . over certain matters related to previous state court litigation"). Here, Mr. Dixon's complaint

---

[3] The *Rooker-Feldman* doctrine comes from the United States Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Younger* doctrine comes from *Younger v. Harris*, 401 U.S. 37 (1971).

[4] In determining the applicability of the *Younger* doctrine, the Court asks three questions: "first, do the proceedings constitute an ongoing state judicial proceeding; second, do [the proceedings] implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *31 Foster Child. v. Bush,* 329 F.3d 1255, 1274 (11th Cir. 2003) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982)). If the answer to those inquiries is "yes," then federal courts must abstain from intervening in ongoing state court proceedings.

contests state court proceedings which were affirmed on appeal, hence, it appears that the *Rooker-Feldman* doctrine applies.

Under *Rooker-Feldman*, claims should be dismissed "[o]nly when a losing state court litigant calls on a district court to modify or 'overturn an injurious state-court judgment'[.]" *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). The doctrine applies in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Behr*, 8 F.4th at 1212 ("[t]he injury must be caused by the judgment itself" for the doctrine to apply regardless of whether the claimant calls it an appeal of a state court judgment). However, "*Rooker-Feldman*, . . . does not prevent a 'district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court.'" *Behr*, 8 F.4th at 1211 (quoting *Nicholson v. Shafe*, 558 F.3d 1266, 1274 (11th Cir. 2009) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005))). Specifically, the doctrine does not apply to "claims that seek only damages for constitutional violations of third parties—not relief from the judgment of the state court[.]" *Behr*, 8 F.4th at 1214 (citing *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)).

Here, Mr. Dixon's claims revolve around a termination of parental rights proceeding in the Washington State Court Case No. 20-5-00125-3 SEA and No. 20-5-00124-5 SEA. (Doc. 1 at 1; Doc. 1-2 at 1; Doc. 1-3 at 1, 14, 27, 30) (judgment entered on June 1, 2021). None of Plaintiff's claims arise independent of the state court proceedings. *Cf. Goodman*, 259 F.3d at 1332–34 (*Rooker-Feldman* doctrine inapplicable when plaintiff challenged constitutionality of

search that occurred **before** initiation of state court custody proceedings). Indeed, like Mr. Dixon's unsuccessful appeals, each claim arises out of the proceedings before Judge Ferguson, and the actions taken by the King County Superior Court in reaching a judgment. For example, Mr. Dixon claims that the Fourteenth Amendment was violated because of the handling of his jurisdictional challenges to the proceeding. *See, e.g.*, (Doc. 1 at 3).

Likewise, Mr. Dixon's claims under §§ 1981, 1983, and 1988 all explicitly arise from Judge Ferguson's treatment of his challenges to the King County Superior Court's jurisdiction. *See e.g.*, (Doc. 1 at 2). Mr. Dixon's requests for relief would effectively nullify the state orders in his case. *Liedel v. Juv. Ct. of Madison Cnty., Ala.*, 891 F.2d 1542, 1544–46 (11th Cir. 1990) (where requested relief would "effectively nullify . . . state orders" complaint must be dismissed for lack of jurisdiction under *Rooker-Feldman* doctrine). **Indeed, Mr. Dixon explicitly requests "[t]he immediate reversal of [Judge] Ferguson's order to terminate [his] parental rights[.]"** (Doc. 1 at 4) (emphasis added). Because Mr. Dixon's claims request the court "to review and reject the state court's child custody judgments" they are barred by the *Rooker-Feldman* doctrine. *Behr*, 8 F.4th at 1214 (noting "the claim for relief *does* matter" and that *Rooker-Feldman* is inapplicable to "claims that only seek damages for constitutional violations of third parties—not relief from the judgment of the state court") (citing *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020)).

Accordingly, I submit that under the *Rooker-Feldman* abstention doctrine, the Court lacks subject-matter jurisdiction over this action.

## 2. Sovereign and Judicial Immunity

The King County Superior Court of Washington is not a suable entity. *Freeman v. King Cnty. Superior Ct.*, No. C12-1006-JCC, 2012 WL 12541836, at *2 (W.D. Wash. Nov. 20, 2012) ("Plaintiff's claims against Defendant King County Superior Court as an entity (and its employees) are barred by the Eleventh Amendment") (citing *Prod. & Leasing, Ltd. v. Hotel Conquistador, Inc.*, 709 F.2d 21, 21-22 (9th Cir. 1983)). Indeed, the King County Superior Court is not subject to suit because it has Eleventh Amendment sovereign immunity. *See id.*; *see also Penry v. Thurston Cnty.*, 89 F. App'x 619, 620 (9th Cir. 2004) ("The Thurston County [Washington] Superior Court is entitled to Eleventh Amendment immunity as an arm of the state.").

Further, Judge Ferguson has judicial immunity from Plaintiff's claims. *See Wash. Mut. Bank v. Bush*, 220 Fed. App'x 974, 975 (11th Cir. 2007) ("Judicial immunity applies when (1) the judge deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act 'in the clear absence of all jurisdiction'") (quoting *Dykes v. Hosemann*, 776 F.2d 942, 945 (11th Cir. 1985)). Plaintiff claims that the King County Superior Court lacked personal jurisdiction over him. However, the Court addressed this issue, noting that "[o]n the second day of trial (March 9, 2021), [Plaintiff] raised for the first time a third argument that the Court lacks personal jurisdiction because the affidavit required by RCW 4.28.185(4) was missing. The Court concluded then, and it reaffirms herein, that the Petitioner has satisfied the affidavit requirement of RCW 4.28.185(4)." (Doc. 1-3 at 42 n.7). Hence, it appears that Judge Ferguson has judicial immunity from Plaintiff's claims.

Ultimately, Plaintiff fails to allege facts that would support any cognizable claim. Typically, a *pro se* plaintiff "must be given at least one chance to amend the complaint before

the district court dismisses the action with prejudice," at least where a more carefully drafted complaint might state a claim. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (holding this rule inapplicable to counseled plaintiffs). However, a district court is not required to grant leave where amendment would be futile. *Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1094 (11th Cir. 2017). Granting leave to amend would be futile if the complaint, as amended, would still be subject to dismissal. *Id.* Given a fair reading of Plaintiff's grievances, granting him leave to amend would be futile because based on the allegations it does not appear that he could state a valid federal claim for relief.

## III.   RECOMMENDATION

Accordingly, and upon due consideration, it is respectfully recommended that Plaintiff's motion to proceed in forma pauperis (Doc. 4), be **denied**, and this case be **dismissed**.

Recommended in Ocala, Florida on August 25, 2023.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy